**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re:<br><br>**JRJR33, INC. and THE LONGABERGER COMPANY,**<br><br>    **Debtors.** | **Case No. 18-32123-SGJ-7**<br>**Case No. 18-32124-SGJ-7**<br><br>**Jointly Administered Under**<br>**Case No. 18-32123-SGJ-7** |
| **ROBERT YAQUINTO, JR., CHAPTER 7 TRUSTEE,**<br><br>    **Plaintiff,**<br>**v.**<br><br>**JGB COLLATERAL, LLC, JGB CAPITAL, LP, JGB (CAYMAN) PORT ELLEN, LTD., JGB PARTNERS, LP, ROCHON CAPITAL PARTNERS LENDING, LTD. f/k/a ROCHON CAPITAL PARTNERS, LTD., JOHN P. ROCHON, and DONNA ROCHON,**<br><br>    **Defendants.** | **Adv. Proc. No. 20-03086** |

**ANSWER WITH AFFIRMATIVE DEFENSES OF JGB COLLATERAL, LLC, JGB
CAPITAL, LP, JGB (CAYMAN) PORT ELLEN, LTD., JGB PARTNERS, LP**

**TO THE HONORABLE STACEY G.C. JERNIGAN,
UNITED STATES BANKRUPTCY JUDGE:**

  **COME NOW,** Defendants JGB Collateral, LLC, JGB Capital, LP, JGB (Cayman) Port Ellen, Ltd., JGB Partners, LP ("Defendants" or "JGB") and without waiving any rights to a trial by jury and in due order of pleading, files this Answer with Affirmative Defenses to Trustee's First Amended Adversary Complaint (the "Answer"). In support of this Answer, Defendants respectfully show the Court as follows:

## ANSWER

Defendants generally deny all of the allegations contained in the Trustee's First Amended Adversary Complaint (the "Complaint") except those specifically admitted in this Answer. Defendants respond to the allegations and legal conclusions of the Complaint paragraph by paragraph as follows:

1.      Defendants admit that the Trustee is seeking a judgment for breach of contract and fraudulent misrepresentation against the Company insiders, as well as the imposition of equitable marshaling of assets, and avoidance of preferential and fraudulent transfers against Defendants, but deny the allegations set forth in Paragraph 1 of the Complaint, including references to a predatory loan and characterization of Defendants as predator lenders.  Defendants deny that any of its acts or admission give rise to Trustee's claims.  The remaining allegations in paragraph 5 are legal conclusions and argument that do not require a response.  To the extent that any response to these remaining allegations is required, Defendants deny them.

2.      Defendants deny the allegations set forth in Paragraph 2 of the Complaint that Count 3 (marshaling) and Count 4 (TUFTA) are 'core' matters.  Defendants admit that Count 5 (preferential transfer), Count 6 (fraudulent transfer), Count 7 (extent of liens) and Count 8 (disallowance of claim) are 'core' matters.  Defendants lack knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 2 of the Complaint that Counts 1, 2, 9 10 and 11 are 'core', and therefore, deny same.

3.      Defendants admit the allegations set forth in Paragraph 3 of the Complaint that venue is proper in this District but deny the remainder of the allegations set forth in Paragraph 3 of the Complaint.

## THE PARTIES

4. Defendants admit that Robert Yaquinto, Jr. is the Chapter 7 Trustee in the above-referenced bankruptcy cases, but deny the remaining allegations set forth in Paragraph 4 of the Complaint.

5. Defendants admit the allegations set forth in Paragraph 5 of the Complaint.

6. Defendants admit the allegations set forth in Paragraph 6 of the Complaint.

7. Defendants admit the allegations set forth in Paragraph 7 of the Complaint.

8. Defendants admit the allegations set forth in Paragraph 8 of the Complaint.

9. Defendants admit the allegations set forth in Paragraph 9 of the Complaint.

10. Defendants lack knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 10 of the Complaint, and therefore, deny same.

11. Defendants admit that J. Rochon personally guaranteed the Creditors'[1] loans to the Company. Defendants lack knowledge or information sufficient to admit or deny the remaining allegations set forth in Paragraph 11 of the Complaint, and therefore, deny same.

12. Defendants admit that D. Rochon personally guaranteed the Creditors' loans to JRjr33. Defendants lack knowledge or information sufficient to admit or deny the remaining allegations set forth in Paragraph 11 of the Complaint, and therefore, deny same.

13. Defendants admit the allegations set forth in Paragraph 13 of the Complaint.

14. Defendants admit the allegations set forth in Paragraph 14 of the Complaint.

15. Defendants admit the allegations set forth in Paragraph 15 of the Complaint.

16. Defendants admit that JGB Collateral LLC moved to convert the Bankruptcy Case to Chapter 7 on August 30, 2018 and that the Office of the US Trustee moved to convert or dismiss

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Complaint.

the case on October 19, 2018 and that the Court entered an agreed order converting the case on October 26, 2018. Defendants lack knowledge or information sufficient to admit or deny the remainder of allegations set forth in Paragraph 16 of the Complaint, and therefore, deny same.

17. Defendants lack knowledge or information sufficient to admit or deny the allegations set forth in VI A and Paragraph 17 of the Complaint, and therefore, deny same.

18. Defendants lack knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 18 of the Complaint, and therefore, deny same.

19. Defendants lack knowledge or information sufficient to admit or deny the allegations set forth in VI B and Paragraph 19 of the Complaint, and therefore, deny same.

20. Defendants lack knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 20 of the Complaint, and therefore, deny same.

21. Defendants lack knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 21 of the Complaint, and therefore, deny same.

22. Defendants lack knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 22 of the Complaint, and therefore, deny same.

23. Defendants lack knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 23 of the Complaint, and therefore, deny same.

24. Defendants admit that JGB Capital, LP, JGB (Cayman) Port Ellen Ltd., and JGB Partners, LP entered a Securities Purchase Agreement with Jrjr33, Inc. The remaining allegations in C. and Paragraph 24 are interpretations of the Purchase Agreement and/or legal conclusions and argument that do not require a response. To the extent that any response to these remaining allegations is required, Defendants lack information sufficient to admit or deny the allegations, and therefore, deny same.

25. Defendants admit the allegation set forth in Paragraph 25a. – 25c. Defendants admit that the Subsidiary Guarantee dated October 19, 2017 was entered by JRjr33, Inc., Agel Agility, LLC, Agel Enterprises, Inc. Betterware Limited, CVSL TBT LLC, Happenings Communications Group, Inc., Kleeneze Limited, My Secret Kitchen Ltd., Paperly, Inc., Spice Jazz, LLC, Stanley House Distribution Limited, The Longaberger Company, TMRCL Holding Company, TMRCL Holding LLC, and Uppercase Acquisition, Inc. in favor of the Creditors, but lack information sufficient to admit or deny the remaining allegations set forth in Paragraph 25d., and therefore, deny same. Defendants admit that John Rochon and Donna Rochon signed a Personal Guaranty dated October 19, 2017 in favor of Defendants, but submit that the remaining allegations set forth in Paragraph 25e. of the Complaint are legal conclusions to which no response if required. Defendants admit that the Security Agreement dated October 19, 2017 was entered by JRjr33, Agel Agility, LLC, Agel Enterprises, Inc. Betterware Limited, CVSL TBT LLC, Happenings Communications Group, Inc., Kleeneze Limited, My Secret Kitchen Ltd., Paperly, Inc., Spice Jazz LLC, Stanley House Distribution Limited, The Longaberger Company, TMRCL Holding Company, TMRCL Holding LLC, Uppercase Acquisition, Inc., and Defendants, but submit that the remaining allegations set forth in Paragraph 25f. of the Complaint are legal conclusions to which no response is required. To the extent that any response to the remaining allegations in Paragraph 25 of the Complaint is required, Defendants deny same.

26. Defendants admit that JGB Capital, LP, JGB (Cayman) Port Ellen, Ltd., and JGB Partners, LP loaned JRjr33 $5,263,158, that the Loan Documents, including the Notes, were entered, and admit that Defendants received a security interest, but deny the remaining allegations set forth in Paragraph 26 of the Complaint.

27.     To the extent the Trustee is characterizing the transactions between Defendants, the Company, and J. Rochon, and D. Rochon as Death Spiral Loans, Defendants deny the allegations set forth in Paragraph 27 of the Complaint.  The remaining allegations set forth in Paragraph 27 of the Complaint contain the Trustee's explanation of how he believes a typical death spiral loan works.  Defendants lack information sufficient to admit or deny the Trustee's explanation, and therefore, deny same. To the extent that any response to the remaining allegations in Paragraph 27 of the Complaint is required, Defendants deny same.

28.     Paragraph 28 of the Complaint contains an additional explanation of the Trustee regarding how he believes death spiral lenders operate.  Defendants lack information sufficient to admit or deny the Trustee's explanation, and therefore, deny same.  To the extent the Trustee's explanation set forth in Paragraph 28 of the Complaint characterizes the transactions between Defendants, the Company, and J. Rochon, and D. Rochon as death spiral loans, Defendants deny same.  To the extent that any response to the remaining allegations in Paragraph 28 of the Complaint is required, Defendants deny same.

29.     Defendants deny the allegations set forth in Paragraph 29 of the Complaint.

30.     Defendants admit they received funds from the Company and admit that the Company defaulted on the balance of the Notes.  Defendants are in the process of reviewing their records related to the Notes and funds received and currently lack information sufficient to admit or deny the allegations set forth in Paragraph 30, and therefore, deny same.

31.     Defendants admit the allegations set forth in Paragraph 31 of the Complaint.

32.     Defendants admit that JGB Collateral, LLC filed proofs of claim in the Bankruptcy Case asserting a secured claim with a blanket lien on all assets for money loaned in the total amount

of $5,302,608.31, which is comprised of $5,201,934.62 in principle, $72,537.27 in interest, and $28,136.42 in legal fees.

33.     Defendants admit the allegations set forth in Paragraph 33 of the Complaint.

34.     Defendants lack knowledge or information sufficient to admit or deny the allegations set forth in D. and in Paragraph 34 of the Complaint, and therefore, deny same.

35.     Defendants lack knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 35 of the Complaint, and therefore, deny same.

36.     Defendants lack knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 36 of the Complaint, and therefore, deny same.

37.     Defendants lack knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 37 of the Complaint, and therefore, deny same.

38.     Defendants admit that the Loan Documents were executed on the dates reflected on the Loan Documents.  Defendants lack knowledge or information sufficient to admit or deny the remaining allegations set forth in Paragraph 38 of the Complaint, and therefore, deny same.

39.     The allegations set forth in Paragraph 39 of the Complaint are of the nature that do not require a response.  To the extent the allegations set forth in Paragraph 39 of the Complaint are determined to require a response, Defendants lack information sufficient to admit or deny same, and therefore, deny same.

40.      The allegations set forth in Paragraph 40 of the Complaint are of the nature that do not require a response.  To the extent the allegations set forth in Paragraph 40 of the Complaint are determined to require a response, Defendants lack information sufficient to admit or deny same, and therefore, deny same.

## COUNT ONE

41.     Defendants incorporate their admissions and denials set forth above in response to the Trustee's incorporation and re-allegation of allegations set forth in Paragraph 41 of the Complaint.

42.     Defendants lack information sufficient to admit or deny the allegations set forth in Paragraph 42 of the Complaint, and therefore, deny same.

43.     Defendants lack information sufficient to admit or deny the allegations set forth in Paragraph 43 of the Complaint, and therefore, deny same.

44.     Defendants lack information sufficient to admit or deny the allegations set forth in Paragraph 44 of the Complaint, and therefore, deny same.

45.     Defendants admit that JGB Collateral, LLC filed proofs of claims against JRjr33 and against The Longaberger Company.  Defendants lack information sufficient to admit or deny the remaining allegations set forth in Paragraph 45 of the Complaint, and therefore, deny same.

46.     Defendants admit that the Trustee states in Paragraph 46 of the Complaint that he is seeking his reasonable and necessary and attorneys' fees pursuant to Section 38.001(8) of the Texas Civil Practice and Remedies Code.  Defendants lack information sufficient to admit or deny the remaining allegations set forth in Paragraph 46 of the Complaint, and therefore, deny same.

## COUNT TWO

47.     Defendants incorporate their admissions and denials set forth above in response to the Trustee's incorporation and re-allegation of allegations set forth in Paragraph 47 of the Complaint.

48.     Defendants lack information sufficient to admit or deny the allegations set forth in Paragraph 48 of the Complaint, and therefore, deny same.

49. Defendants lack information sufficient to admit or deny the allegations set forth in Paragraph 49 of the Complaint, and therefore, deny same.

50. Defendants lack information sufficient to admit or deny the allegations set forth in Paragraph 50 of the Complaint, and therefore, deny same.

51. Defendants admit they were provided and reviewed various documents and information as part of Defendants' due diligence in advance of loaning money to JRjr33, Inc., which included the "going concern" evaluation, but deny that they relied on any particular document provided to the exclusion of other information provided, Defendants' knowledge and experience, or other publicly available information considered in making the loan. Defendants deny the remaining allegations set forth in Paragraph 51 of the Complaint. Defendants lack information sufficient to admit or deny the allegations concerning the Company set forth in Paragraph 51 of the Complaint, and therefore, deny same.

52. Defendants lack information sufficient to admit or deny the allegations set forth in Paragraph 52 of the Complaint, and therefore, deny same.

53. Defendants lack information sufficient to admit or deny the allegations set forth in Paragraph 53 of the Complaint, and therefore, deny same.

## COUNT THREE

54. Defendants incorporate their admissions and denials set forth above in response to the Trustee's incorporation and re-allegation of allegations set forth in Paragraph 54 of the Complaint.

55. Defendants submit that the allegations set forth in Paragraph 55 of the Complaint constitute legal conclusions for which no response is required, and therefore, deny same.

56.     Defendants submit that the allegations set forth in Paragraph 56 of the Complaint constitute legal conclusions for which no response is required, and therefore, deny same.

57.     Defendants admit that they are pursuing assets that Defendants believe to be assets of the Rochons that could be used to satisfy part of the JGB Claim, but lack information sufficient to admit or deny whether such assets are sufficient to fully satisfy the JGB Claim.  Defendants submit that the remaining allegations set forth in Paragraph 57 of the Complaint are legal conclusion to which no response is required and/or that Defendants lack information sufficient to admit or deny same, Defendants therefore, deny same.

58.     Defendants submit that the allegations set forth in Paragraph 58 of the Complaint constitute legal conclusions for which no response is required, and therefore, deny same.

59.     Defendants submit that the first sentence of Paragraph 59 of the Complaint contains legal conclusions for which no response is required, and therefore, deny same.  Defendants lack information sufficient to admit or deny the remaining allegations set forth in Paragraph 59 of the Compliant, and therefore, deny same.

60.     Defendants deny that equity and justice demand the marshaling of the Rochons in this case.  Defendants lack information sufficient to admit or deny the allegations set forth in (a) – (c) of Paragraph 60 of Complaint, and therefore, deny same.  Defendants deny the characterization of Defendants as predatory lenders in (d) of Paragraph 60 of the Complaint, and therefore, deny same.  Defendants lack information sufficient to admit or deny the remaining allegations in (d) of Paragraph 60 of the Complaint, and therefore, deny same.  Defendants deny the allegations in (e) of Paragraph 60, and any remaining allegations set forth in Paragraph 60 of the Complaint.

61.     Defendants lack information sufficient to admit or deny the allegations set forth in Paragraph 61 of the Complaint, and therefore, deny same.

62.     Defendants deny the allegations set forth in Paragraph 62 of the Complaint.

63.     Defendants submit that Paragraph 63 of the Complaint is in the nature of a request for relief to which no response is required, and therefore, deny same.

## COUNT FOUR

64.     Defendants incorporate their admissions and denials set forth above in response to the Trustee's incorporation and re-allegation of allegations set forth in Paragraph 64 of the Complaint.

65.     Defendants lack information sufficient to admit or deny the allegations set forth in Paragraph 65 of the Complaint, and therefore, deny same.

66.     Defendants admit they received funds from the Company between June 29, 2017 and the Petition Date.  Defendants deny the remaining allegations set forth in Paragraph 66 of the Complaint.

67.     Defendants lack information sufficient to admit or deny the allegations set forth in Paragraph 67 of the Complaint, and therefore, deny same.

68.     Defendants submit that Paragraph 68 of the Complaint contains legal conclusions for which no response is required, and therefore, deny same.  To the extent a response is required, Defendants lack information sufficient to admit or deny the allegations set forth in Paragraph 68 of the Complaint, and therefore, deny same.

69.     Defendants submit that Paragraph 69 of the Complaint contains legal conclusions for which no response is required, and therefore, deny same.  To the extent a response is required, Defendants lack information sufficient to admit or deny the allegations set forth in Paragraph 69, and therefore, denies same.

70.     Defendants lack information to admit or deny the allegations set forth in Paragraph 70 of the Complaint, and therefore, deny same.

71.     Defendants lack information to admit or deny the allegations set forth in Paragraph 71 of the Complaint, and therefore, deny same.

72.     Defendants submit that Paragraph 72 of the Complaint contains legal conclusions for which no response is required, and therefore, deny same.  To the extent a response is required, Defendants lack information sufficient to admit or deny the allegations set forth in Paragraph 72, and therefore, denies same.

73.     Defendants submit that Paragraph 73 of the Complaint contains legal conclusions for which no response is required, and therefore, deny same.  To the extent a response is required, Defendants lack information sufficient to admit or deny the allegations set forth in Paragraph 73, and therefore, deny same.

74.     Defendants lack sufficient information to admit or deny the allegations set forth in Paragraph 74 of the Complaint and therefore, deny same.

75.     Defendants submit that Paragraph 75 of the Complaint contains legal conclusions for which no response is required, and therefore, deny same.  To the extent a response is required, Defendants lack information sufficient to admit or deny the allegations set forth in Paragraph 75, and therefore, deny same.

76.     Defendants submit that Paragraph 76 of the Complaint contains legal conclusions for which no response is required, and therefore, deny same.  To the extent a response is required, Defendants lack information sufficient to admit or deny the allegations set forth in Paragraph 76, and therefore, deny same.

## COUNT FIVE

77.     Defendants incorporate their admissions and denials set forth above in response to the Trustee's incorporation and re-allegation of allegations set forth in Paragraph 77 of the Complaint.

78.     Defendants admit that between March 31, 2020 and the Petition Date, Defendants received $259,456.60.  Defendants deny the remaining allegations set forth in Paragraph 78 of the Complaint.

79.     Defendants submit that Paragraph 79 of the Complaint contains legal conclusions for which no response is required, and therefore, deny same.  To the extent a response is required, Defendants deny same.

80.     Defendants submit that Paragraph 80 of the Complaint contains legal conclusions for which no response is required, and therefore, deny same.  To the extent a response is required, Defendants lack information sufficient to admit or deny the allegations set forth in Paragraph 80, and therefore, deny same.

81.     Defendants lack information sufficient to admit or deny the allegations set forth in Paragraph 81 of the Complaint, and therefore, deny same.

82.     Defendants admit that between March 31, 2020 and the Petition Date, Defendants received $259,456.60.  Defendants deny the remaining allegations set forth in Paragraph 82 of the Complaint.

83.     Defendants lack information sufficient to admit or deny the allegations set forth in Paragraph 83 of the Complaint, and therefore, deny same.

84.     Defendants submit that Paragraph 84 of the Complaint contains legal conclusions for which no response is required, and therefore, deny same.  To the extent a response is required, Defendants deny same.

85.     Defendants submit that Paragraph 85 of the Complaint contains legal conclusions for which no response is required, and therefore, deny same.  To the extent a response is required, Defendants deny same.

## COUNT SIX

86.     Defendants incorporate their admissions and denials set forth above in response to the Trustee's incorporation and re-allegation of allegations set forth in Paragraph 86 of the Complaint.

87.     Defendants admit the allegations set forth in Paragraph 87 of the Complaint.

88.     Defendants submit that Paragraph 88 of the Complaint contains legal conclusions for which no response is required, and therefore, deny same.  To the extent a response is required, Defendants deny same.

89.     Defendants submit that Paragraph 89 of the Complaint contains legal conclusions to which no response is required, and therefore, deny same.  To the extent a response is required, Defendants lack information sufficient to admit or deny the allegations set forth in Paragraph 89 of the Complaint, and therefore, deny same.

90.     Defendants submit that Paragraph 90 of the Complaint contains legal conclusions to which no response is required, and therefore, deny same.  To the extent a response is required, Defendants lack information sufficient to admit or deny the allegations set forth in Paragraph 90 of the Complaint, and therefore, deny same.

91.     Defendants deny the allegations set forth in Paragraph 91 of the Complaint.

92.     Defendants submit that Paragraph 91 of the Complaint contains legal conclusions to which no response is required, and therefore, deny same.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 92 of the Complaint.

## COUNT SEVEN

93.     Defendants incorporate their admissions and denials set forth above in response to the Trustee's incorporation and re-allegation of allegations set forth in Paragraph 93 of the Complaint.

94.     Defendants submit that Paragraph 94 of the Complaint does not require a response, but to the extent a response is required, Defendants lack information sufficient to admit or deny the allegations set forth in Paragraph 94 of the Complaint, and therefore, deny same.

95.     Defendants hold a secured interest in the assets of JRjr33 and TLC and admit that the Trustee is disputing the extent, validity and priority of Defendants' liens.  Defendants deny the grounds on which the Trustee is disputing the extent, validity and priority of Defendants' liens, including those listed in Paragraph 95 of the Complaint.

96.     Defendants submit that Paragraph 96 of the Complaint does not require a response, but to the extent a response is required, Defendants lack information sufficient to admit or deny the allegations set forth in Paragraph 96 of the Complaint, and therefore, deny same.

## COUNT EIGHT

97.     Defendants incorporate their admissions and denials set forth above in response to the Trustee's incorporation and re-allegation of allegations set forth in Paragraph 97 of the Complaint.

98.     Defendants deny the set forth contained in Paragraph 98 of the Complaint.

99.      Defendants admit they have not paid the amount of the Creditor Transfers or the 90-Day Creditor Transfers, or turned over such property, but deny the remaining allegations set forth in Paragraph 99 of the Complaint.

100.     Defendants deny the allegations set forth in Paragraph 100 of the Complaint.

## COUNT NINE

101.     Defendants incorporate their admissions and denials set forth above in response to the Trustee's incorporation and re-allegation of allegations set forth in Paragraph 101 of the Complaint.

102.     Defendants lack information sufficient to admit or deny the allegations set forth in Paragraph 102 of the Complaint, and therefore, deny same.

103.     Defendants lack information sufficient to admit or deny the allegations set forth in Paragraph 103 of the Complaint, and therefore, deny same.

## COUNT TEN

104.     Defendants incorporate their admissions and denials set forth above in response to the Trustee's incorporation and re-allegation of allegations set forth in Paragraph 104 of the Complaint.

105.     Defendants admit that Rochon Capital and the Rochons have engaged in conduct to the disadvantage of Defendants.  Defendants lack information sufficient to admit or deny the remaining allegations set forth in Paragraph 105 of the Complaint, and therefore, deny same.

106.     The allegations in paragraph 106 are legal conclusions and argument that do not require a response.  To the extent that any response to these allegations is required, Defendants deny them.

## COUNT ELEVEN

107.     Defendants incorporate their admissions and denials set forth above in response to the Trustee's incorporation and re-allegation of allegations set forth in Paragraph 107 of the Complaint.

108.     Defendants submit that Paragraph 108 of the Complaint contains legal conclusions to which no response is required, and therefore, deny same.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 108 of the Complaint.

109.     Defendants lack information sufficient to admit or deny the allegations set forth in Paragraph 109 of the Complaint, and therefore, deny same.

110.     Defendants lack information sufficient to admit or deny the allegations set forth in Paragraph 110 of the Complaint, and therefore, deny same.

111.     Defendants submit that Paragraph VIII set forth in the Complaint is in the nature of a Prayer to which no response is required.  To the extent a response is required, Defendants deny that the Trustee is entitled to the relief he seeks.

## FIRST AFFIRMATIVE DEFENSE

112.     Defendants affirmatively deny that the equitable doctrine of marshaling applies to either the facts or law of this case.

## SECOND AFFIRMATIVE DEFENSE

113.     Defendants affirmatively deny that the elements of 11 U.S.C. § 547(b) are met including, without limitation, that the 90-Day Creditor Transfers enabled the Defendants to receive more than Defendants would have received if the case were a case under Chapter 7, the 90-Day Creditor Transfers had not been made and the Defendants received payment of such debt to the extent provided for by Title 11 of the United States Code.  *See* 11 U.S.C. § 547(b)(5).

### THIRD AFFIRMATIVE DEFENSE

114.    Defendants affirmatively assert the defense of contemporaneous exchange.   11
U.S.C. § 547(c)(1).

### FOURTH AFFIRMATIVE DEFENSE

115.    Defendants affirmatively assert the defense of ordinary course.   11 U.S.C. §
547(c)(2).   The 90-Day Creditor Transfers were in payment of a debt incurred in the ordinary
course of the business or financial affairs of the Debtors and the Defendants and the 90-Day
Creditor Transfers were made in the ordinary course of business or financial affairs of the Debtors
and the Defendants and were made according to ordinary business terms.

### FIFTH AFFIRMATIVE DEFENSE

116.    Defendants affirmatively assert the defense of new value.   11 U.S.C. § 547(c)(4).
Defendants gave new value to the Debtors after each such 90-Day Creditor Transfer that was not
secured by an otherwise unavoidable security interest and on account of which new value the
Debtor did not make an otherwise unavoidable transfer.

### SIXTH AFFIRMATIVE DEFENSE

117.    Defendants affirmatively deny that the elements of 11 U.S.C. § 548(a)(1)(A) and/or
Tex. Bus. & Com. Code § 24.005(a)(1) are met including, without limitation, that the granting of
the Lien by the Debtors was made with actual intent to hinder, delay or defraud any entity to which
the Debtors were or became indebted to after the granting of the Lien.

### SEVENTH AFFIRMATIVE DEFENSE

118.    Defendants affirmatively assert that, to the extent that any transfer of the Lien is
avoidable, which is denied, such property is nonetheless encumbered by Defendants' liens and

Defendants may enforce all obligations incurred, pursuant to 11 U.S.C. § 548(c), because Defendants gave value to Debtors in good faith in exchange for such transfer.

## EIGHTH AFFIRMATIVE DEFENSE

119.    Defendants assert that the granting of the Lien is not voidable under Tex. Bus. & Com. Code § 24.005(a)(1) because the Defendants took the Lien in good faith and for a reasonably equivalent value.  *See* Tex. Bus. & Com. Code § 24.009(a).  Defendants' actions were honest in fact, reasonable in light of known facts, and free from willful ignorance of fraud.

## NINTH AFFIRMATIVE DEFENSE

120.    Defendants affirmatively allege that, to the extent any transfer is voidable, Defendants are entitled to a lien, prior to the rights of a voiding creditor, in the amount of value given to the Debtors for the transfer.  Tex. Bus. & Com. Code § 24.009(d)(1)(A).

## TENTH AFFIRMATIVE DEFENSE

121.    Defendants affirmatively allege that, to the extent any transfer is voidable, Defendants have an absolute right to retain an interest in the asset transferred in the amount of value given to the Debtors for the transfer.  Tex. Bus. & Com. Code § 24.009(d)(1)(A).

## ELEVENTH AFFIRMATIVE DEFENSE

122.    Defendants affirmatively allege that, to the extent any transfer is voidable, Defendants are entitled to a reduction in the amount of the liability on the judgment, in the amount of value given to the Debtors for the transfer.  Tex. Bus. & Com. Code § 24.009(d)(1)(C).

## TWELFTH AFFIRMATIVE DEFENSE

123.    Defendants affirmatively allege that they are entitled to offsets that may reduce or entirely eliminate the claims upon which the Complaint is premised.

## THIRTEENTH AFFIRMATIVE DEFENSE

124. Defendants affirmatively allege that none of the 'badges of fraud' identified in Tex. Bus. & Com. Code § 24.005(b)(1)-(11) are present such that a finding of fraud is legally supportable.

## FOURTEENTH AFFIRMATIVE DEFENSE

125. Defendants affirmatively assert that: (a) Debtors were not insolvent on the day of the 90-Day Creditor Transfers or the granting of the Lien and were not rendered insolvent by such transfers; (b) no such transfers left Debtors with an unreasonably small capital; and (c) Debtors did not intend to incur or believe that they would incur debts that would be beyond their ability to pay as such debts matured, such that the 90-Day Transfers and the Lien are not avoidable pursuant to 11 U.S.C. § 547, 11 U.S.C. § 548(a)(1).

## FIFTEENTH AFFIRMATIVE DEFENSE

126. Defendants affirmatively assert that, under the doctrine of *in pari delicto,* the Trustee may not recover from Defendants because of the Debtors' unclean hands.

## SIXTEENTH AFFIRMATIVE DEFENSE

127. Defendants affirmatively assert that the Trustee's causes of action for fraud based on the actions or misrepresentations of Rochon Capital and J. Rochon to the Company are causes of action by the Trustee against Rochon Capital and J. Rochon rather than against Defendants.

## RESERVATION OF RIGHTS

128. Defendants reserve any and all additional procedural and/or substantive defenses available to Defendants at present, or which may be shown through continuing investigation and/or discovery, which procedural and/or substantive defenses are not waived.

## ATTORNEYS' FEES

129.    Defendants are entitled to costs and reasonable attorneys' fees that have been incurred in opposing the Trustee's Complaint.  Tex. Bus. & Com. Code § 24.013.

## DEMAND FOR TRIAL BY JURY

130.    Defendants assert their rights under the Seventh Amendment of the United States Constitution pursuant to Federal Rule of Civil Procedure 38, incorporated and made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 9015, and demand a trial by jury on all issues so triable.  Defendants do not consent to a jury trial before the Bankruptcy Court. Defendants do not consent to entry of final orders or judgment by the Bankruptcy Court.

Respectfully submitted,

**BELL NUNNALLY & MARTIN LLP**

By:      /s/ *Russell W. Mills*
Russell W. Mills
Texas Bar No. 00784609
rmills@bellnunnally.com
Jeffrey S. Lowenstein
Texas Bar No. 24007574
jlowenstein@bellnunnally.com
Gwen I. Walraven
Texas Bar No. 24047065
gwalraven@bellnunnally.com
R. Kent Love
Texas Bar No. 24102114
klove@bellnunnally.com
2323 Ross Avenue, Suite 1900
Dallas, Texas 75201
214-740-1400 Telephone
214-740-1499 Facsimile

**ATTORNEYS FOR JGB COLLATERAL, LLC, JGB CAPITAL, LP, JGB (CAYMAN) PORT ELLEN, LTD., and JGB PARTNERS, LP**

## CERTIFICATE OF SERVICE

The undersigned certifies that on June 15, 2021, a true and correct copy of the foregoing was served, upon filing, via the Court's CM/ECF system upon those parties requesting electronic notification in this case.

/s/ *R. Kent Love*
R. Kent Love

5914551_1.docx